## JOHN N. ROBERTS *vs.* GEORGE TAFT.

Middlesex.   Jan. 11. — March 7, 1876.   COLT & ENDICOTT, JJ., absent.

Notice of the dishonor of a promissory note was seasonably sent by mail, addressed
to the indorser at Townsend, where was the principal post-office in the town in
which he lived.   There was evidence that the indorser usually received his letters
at the West Townsend post-office, and that the plaintiff knew that he lived and
that there was a post-office at West Townsend, and had visited and done busi-
ness with the indorser there.   *Held,* that the judge, sitting without a jury, was
warranted in ruling that the notice was insufficient.

CONTRACT on two promissory notes, payable at any bank in
Boston, made by N. H. White & Co., payable to George Taft or
order, and indorsed by him to the plaintiff.   At the trial in the
Superior Court, before *Brigham,* C. J., without a jury, the fol-
lowing facts were found:

The promissory notes declared on were made by N. H. White
& Co. and indorsed by the defendant, as alleged in the declara-
tion; and the plaintiff was the holder of the same, from the
time when they were made and indorsed until they became pay-
able, and neither of them was paid at maturity.   On the several
days when the said promissory notes became due, at two o'clock
P. M., William W. Cole, notary public of Boston, presented them,
— the note payable two months from date at the North Na-
tional Bank, and the note payable three months from date at the
Webster National Bank, — and demanded their payment, and
the same was refused, the answer to the demand being "No
funds," and thereupon Cole mailed to the defendant notices of
the demand, non-payment and protest of said promissory notes
(which notices, it was agreed, were sufficient in form) addressed
to the defendant at Townsend, Massachusetts.   There was no
evidence at the trial that these notices were received by the de-
fendant within three days of the time when they were mailed to
him by Cole, or that he otherwise, within that time, had notice
of such demand, non-payment and protest.

The defendant, when said notes were made, indorsed and be-
came due, and for several years previously, was a resident of
West Townsend, a village of the town of Townsend, which is a
town of 2500 inhabitants, about one and a half miles distant
from Townsend Centre, where the principal post-office of the

town was. There was a post-office also in the village of West Townsend and at the village of Townsend Harbor. The defend ant usually received his letters and other mail matter at West Townsend post-office. In West Townsend was the defendant's only place of business, and he was not in the habit of going to Townsend Centre post-office for letters. The plaintiff knew that the defendant's residence was in West Townsend, and had visited and transacted business with him there; he also knew that there was a post-office there. Cole, the notary, made no inquiries as to the defendant's post-office address or residence, but assumed that a memorandum upon the back of each note, namely, the word "Townsend," under the name of the defendant, indicated that his residence and post-office address were at Townsend. This word "Townsend" was written upon one of the said notes by the plaintiff, upon information given him by the maker of said notes, and there was no evidence that the same word on the other note was written by the defendant, or by whom it was written.

Upon the foregoing facts, the judge ruled that the defendant had no notice, sufficient in law, of the non-payment of said notes at maturity, and ordered judgment for the defendant. The plaintiff alleged exceptions.

*J. T. Joslin*, for the plaintiff.

*F. A. Worcester*, for the defendant.

GRAY, C. J. The holder of a promissory note is bound to use reasonable diligence to give the indorser immediate notice of its dishonor. It is *primâ facie* sufficient to address the indorser by mail at the town in which he resides, although there are several post-offices in the town, and he receives his letters at one nearer his residence and place of business than the principal post-office, unless the holder knows, or with reasonable diligence might have known, this fact. But in the case at bar, as it appears that the defendant usually received his letters at the West Townsend post-office, and that the plaintiff knew that the defendant resided in West Townsend, and had visited and done business with him there, and also knew that there was a post-office in West Townsend, there was evidence sufficient to warrant, if not to require, a court or jury to find that the plaintiff might, by the exercise of reasonable diligence, have ascertained that the defendant was in the habit of receiving his letters at

the post-office in West Townsend; and we cannot say that the judge erred in holding that a notice addressed to the principal post-office in Townsend, a mile and a half off, was insufficient. *Morton* v. *Westcott*, 8 Cush. 425.  *Cabot Bank* v. *Russell*, 4 Gray, 167.                                         *Exceptions overruled.*